UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENIFER PATTERSON,<br>  *Plaintiff*,<br>  *v.*<br>THE JEWISH HOME FOR THE ELDERLY OF FAIRFIELD COUNTY, Inc., LAURIE POMPA, LARRY CONDON, and CELESTE VENABLE-TURNER<br>  *Defendants*. | Civil No. 3:15cv1391 (JBA)<br><br>January 27, 2016 |

**RULING DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Jenifer Patterson brings this case against Defendants The Jewish Home for the Elderly of Fairfield County, Inc. ("the Jewish Home"), Laurie Pompa, Larry Condon, and Celeste Venable-Turner, alleging violations of state and federal law. Plaintiff filed her complaint in Connecticut Superior Court, Judicial District of Fairfield at Bridgeport on August 19, 2015. (*See* Compl., Ex. A to Notice of Removal [Doc. # 1].) On September 18, 2015, Defendants removed the case to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Plaintiff now moves [Doc. # 12] to remand the case to state court. For the following reasons, Plaintiff's motion is denied.

**I. Background**

Plaintiff was hired by the Jewish Home as a Certified Nurse Assistant on August 4, 2004. (Compl. ¶ 4.) For the first nine years of her tenure at the Jewish Home, Plaintiff was never the subject of disciplinary action. (*Id.* ¶ 11.) However, that changed in mid-2013 when the Jewish Home hired Laurie Pompa as the supervisor of Plaintiff's department. (*Id.* ¶ 11.) Ms. Pompa frequently made "derogatory remarks to the Plaintiff about her

appearance, specifically her size and weight." (*Id.* ¶ 8.) In August 2013, Ms. Pompa gave Plaintiff a verbal warning because Ms. Pompa "did not like the Plaintiff's body language." (*Id.*) "Ms. Pompa also seemed fixated on the Plaintiff's race, color, age, and national origin." (*Id.*)

In June 2014, "Ms. Pompa charged the Plaintiff with being involved in an incident involving a patient that the Plaintiff knew nothing about" and later "confronted the Plaintiff in the hallway and called the Plaintiff into her office to discuss the Plaintiff's size and weight." (*Id.* ¶ 10.) Finally, on August 1, 2014, "Defendants and/or their agents, servants and/or employees" terminated Plaintiff, after wrongly accusing her "of taking coupons (pieces of paper given to patients that they can use to purchase small items and are valued at $0.10, $0.25, and $0.50) from patients at the Jewish Home." (*Id.* ¶¶ 6, 7, 14.)

On the basis of these facts, Plaintiff contends that the Jewish Home and Ms. Pompa "wrongfully discharged, harassed," discriminated against, and retaliated against Plaintiff "based on her age (56), race, color, . . . national origin (Black American), . . . and size and weight" in violation of Conn. Gen. Stat. § 46a-60, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA") (*Id.*, Count One ¶ 15.) Plaintiff additionally alleges that the Jewish Home failed to exercise reasonable care to provide her with a safe workplace, "specifically to provide fit and competent persons as colaborers [sic]" in violation of Conn. Gen. Stat. § 31-49 (*id.*, Count Two ¶ 15). Plaintiff further claims that Defendants: engaged in slander by "stat[ing] in the hearing of diverse persons that the Plaintiff has engaged in wrongfully taking coupons" (*id.*, Count Three ¶ 15); violated her right to privacy "in that the Defendants' actions as described above resulted in the Plaintiff wrongfully being accused of taking merchandise

and committing a crime and resulting in the Plaintiff being arrested for allegedly taking coupons" (*id.*, Count Four ¶ 17); and negligently and intentionally caused Plaintiff emotional distress (Counts Five and Six).

## II.     Legal Standard

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Comm. Workers Union v. CenterMark Props. Meriden Square,* 30 F.3d 298, 301 (2d Cir. 1994). A case may only be removed to a federal court if it could have been brought there initially; in other words, the case must fall under the court's original jurisdiction. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). District courts have original jurisdiction to hear federal questions, that is, "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Revere Investments, LLC v. Briner*, No. 3:13CV706 (AVC), 2013 WL 3243139, at *1 (D. Conn. June 26, 2013) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). However, "once a court has original jurisdiction over claims in [an] action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or

3

controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005); *see* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Thus, "[w]hen a case is removed to federal court, the district court may exercise jurisdiction over accompanying state law claims so long as '[t]he state and federal claims . . . derive from a common nucleus of operative fact' and the claimant 'would ordinarily be expected to try them all in one judicial proceeding.'" *Brenek v. Town of Griswold*, No. 3:10-CV-491 (CFD), 2010 WL 2293173, at *3 (D. Conn. June 3, 2010) (quoting *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966)).

### III. Discussion

Plaintiff contends that this case should be remanded to state court because "only one part of the First Count of the Plaintiff's complaint involves federal questions." (Mot. to Remand [Doc. # 12] at 4.) Although Plaintiff acknowledges that Count One includes federal claims, she argues that "they are intertwined with the claim codified by Connecticut State law, which is the basis of Count one," and therefore "[t]o remove this matter to the United States District court would violate 28 U.S. Code § 1441(c)(2)." [1] (*Id.* at 5.)

---

[1] Section 1441(c)(1) provides that "[i]f a civil action includes – (A) a claim arising under [federal law], and (B) a claim not within the original or supplemental jurisdiction of the district court . . . the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." 28 U.S.C. § 1441(c)(1). Section 1441(c)(2) adds that "[u]pon removal of an action described in

Plaintiff miscomprehends § 1441(c)(2). Section 1441(c) "'applies only where the state and federal claims in a single suit do not derive from a common nucleus of operative fact and, thus, where the suit is not removable under §§ 1441(a) or (b) because the court lacks any basis for jurisdiction over the state law claims.'" *Brenek*, 2010 WL 2293173, at *2 (quoting *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994)). That is not the case here.

Rather, applying the well-pleaded complaint rule, the Court finds that "'a federal question is presented on the face of plaintiff's properly pleaded complaint,'" *Revere Investments*, 2013 WL 3243139, at *1 (quoting *Rivet*, 522 U.S. at 475), because Plaintiff claims that Defendants discriminated and retaliated against her on the basis of race, color, age, and national origin, in violation of Title VII and the ADEA. The federal claims therefore fall within the Court's original jurisdiction.

Moreover, because, as Plaintiff acknowledges, "all of the claims of the Plaintiff arise from one case or controversy" (Mot. to Remand at 6), the Court has supplemental jurisdiction over the state law claims pursuant to § 1367. "A review of the Complaint demonstrates that Plaintiff's [Title VII and] ADEA claims are based on . . . the same

---

paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed."

Plaintiff additionally argues, citing *Wilson v. Lowe's Home Center*, 401 F. Supp. 2d 186 (D. Conn. 2005), that "removing this matter to District Court when all the counts in the Plaintiff's Complaint are based upon Connecticut state law, except for a part of the First Count . . . would go against public policy." (Mot. to Remand at 5.) However, as Defendants note, *Wilson* involved claims arising under a state workers' compensation statute, which is a "nonremovable action" under 28 U.S.C. § 1445(c). The case has no applicability here.

employer conduct as the state law claims, as evidenced in part by the fact that [Counts Two through Six] incorporate by reference many of the paragraphs alleging the conduct on which Count[] [One] . . . [is] based." *Surprise v. GTE Serv. Corp.*, 47 F. Supp. 2d 240, 242 (D. Conn. 1999).

> Nor do the exceptions listed in § 1367(c) apply here. Under that section,

> [t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if – (1) the claim raises a novel or complex issues of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This case does not on its face raise any novel or complex issues of state law; the viability of the federal claims has not yet been tested under Rule 12(b)(6); and there are no apparent exceptional circumstances or compelling reasons for declining jurisdiction. That leaves exception two.

"The 'substantially predominates' [exception] is a codification of the Supreme Court's decision in *United Mine Workers of America v. Gibbs,* where the Court held that 'if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.'" *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.,* 613 F. Supp. 2d 437, 442 (S.D.N.Y. 2009) (quoting *Gibbs*, 383 U.S. at 726–27). "Courts have determined that state law claims predominate when the federal law claims are merely peripheral or cover a much narrower issue than the state law claims, or where the factual or legal analysis of the

6

claims are unrelated." *Wisoff v. City of Schenectady, N.Y.*, No. 1:07-CV-34 (NAM) (DRH), 2009 WL 606139, at *4 (N.D.N.Y. Mar. 9, 2009).

Here, however, the factual basis for and proof of the federal claim is identical to the factual basis for and proof of the state claims. Moreover, the legal analysis of the federal discrimination claims, which are at the heart of the complaint, will be substantially similar to the analysis of the state discrimination claims. The Court cannot therefore conclude that the state claims substantially predominate over the federal claims in this case.

### IV.     Conclusion

Because removal of this case was proper under 28 U.S.C. § 1441(a) and supplemental jurisdiction over the state law claims is appropriate under 28 U.S.C. § 1367, Plaintiff's motion [Doc. # 12] to remand is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of January, 2016.